IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIKYAMICHA HAMPTON and MARQUINE S. WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16 CV 4693 |
| v. | ) ) | Hon. John Robert Blakey |
| CENTENE MANAGEMENT COMPANY, LLC, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING PRELIMINARY APPROVAL

Nikyamicha Hampton and Marquine S. Williams ("Named Plaintiffs"), on behalf of themselves and on behalf of all others allegedly similarly situated ("Plaintiffs"), have filed a motion for preliminary approval of a proposed class and collective action settlement, and a revised memorandum in support of the motion, which Defendant Centene Management Company, LLC does not oppose. After reviewing the parties' proposed Settlement Agreement, together with the proposed Notices of Class Action Settlement, Claim Forms, and other attachments thereto, as well as Plaintiff's Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the parties, the Court finds and orders as follows:

1. The Court finds, for purposes of settlement only, that the class certification requirements of the Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied with respect to the Settlement Class, with the exception of the

manageability requirement of Rule 23(b)(3) that the Court need not address for purposes of settlement. The Court therefore certifies the Settlement Class for settlement purposes only.

2. The Court finds that the following Settlement Class shall be certified, for settlement purposes only: (a) the Named Plaintiffs, and (b) all individuals who worked as a telephone-dedicated employee at any time from April 27, 2013 to September 7, 2017. These individuals shall be referred to as the "Class" or the "Class Members."

3. The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the Settlement Agreement is fair, reasonable and adequate, and therefore, meets the requirements for preliminary approval. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class and collective action litigation in general and with the legal and factual issues of this case in particular.

4. The Court appoints Nikyamicha Hampton and Marquine S. Williams as the Class Representatives and Plaintiff's counsel, James X. Bormes and Catherine P. Sons of Law Offices of James X. Bormes, P.C., and Thomas M. Ryan of Law Offices of Thomas M. Ryan, P.C. as Class Counsel.

5. The Court appoints Dahl Administration LLC as the Claims Administrator.

6. The Court approves, as to form and content, the proposed Notices of Class Action Settlement and Claim Forms attached to the Memorandum in Support

of Preliminary Approval as Exhibits 3 and 4, respectively. The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States of America, the laws of the State of Illinois, and all other applicable laws. The Notices are accurate, objective, and informative and provides Class Member with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

7. A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on June 12, 2018, at 9:45 a.m., in Courtroom 1203 of the United States District Court for the Northern District of Illinois, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for the Incentive Payments to be made to the Named Plaintiffs and the Opt-In Plaintiffs.

8. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order and Judgment, Named Plaintiffs, Opt-

In Plaintiffs, and all Class Members and anyone acting on behalf of any Class Member shall be barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the claims released under the Settlement Agreement are asserted, or which in any way would prevent any such claims from being extinguished.

9. All Class Members who fail to exercise their right to Opt-Out of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class Members.

10. All Class Members who wish to receive Settlement proceeds must complete and mail the Claim Form to the Claims Administrator no later than the Claim Deadline, as specified in the Settlement agreement. Any Class Member who does not submit a timely and materially complete Claim Form will not receive a Settlement Payment.

11. All Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline. The written objection must be sent to the Claims Administrator and postmarked on or before this date.

12. Any Class Member who wishes to be excluded (Opt-Out) from the Settlement Class and not participate in the proposed Settlement must complete and mail a Request for Exclusion to the Claims Administrator no later than the Claim Deadline, as specified in the Settlement Agreement.

13. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance or Opt-Out of the Settlement Class will be represented by Class Counsel.

14. Any Claimant may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees should or should not be awarded to Class Counsel, or why Named Plaintiffs or Opt-In Plaintiffs should or should not receive extra compensation in the form of an Incentive Payment; provided, however, that no Claimant or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Named Plaintiffs' or Opt-In Plaintiffs or the attorneys' fees and costs awarded to Class Counsel, unless that Claimant has, no later than the Claim Deadline, served by first class mail on the Claims Administrator written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Claimant who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection

to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

15. Class Counsel shall file their Motion for Final Approval of Settlement, including any required petition for an award of attorneys' fees and costs, no later than five business (5) days prior to the Final Approval Hearing.

16. In the event that the Effective Date (as explained in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

17. The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

18. To the extent any prior order of this Court related to this Action is inconsistent with the activities contemplated by the Settlement Agreement, said orders are hereby modified so as to allow the activities contemplated by the Settlement Agreement until such time as the Settlement is finally approved or deemed null and void.

SO ORDERED.

Dated: February 26, 2018

Entered:

_____
John Robert Blakey
United States District Judge